972 So.2d 925 (2007)
Michael BECHINA, et al., Appellants,
v.
ENTERPRISE LEASING COMPANY, Appellee.
No. 3D07-1225.
District Court of Appeal of Florida, Third District.
December 12, 2007.
*926 Andre Mura; Franklin J. Siegel, Miami, for appellants.
Holland & Knight and David C. Borucke, Tampa; George, Hartz, Lundeen, Flagg & Fulmer and Mitchell L. Lundeen, Coral Gables, for appellees.
Richard P. Schweitzer, for Truck Renting and Leasing Association, Inc., as Amicus Curiae.
Before COPE, GREEN, and SALTER, JJ.
SALTER, J.
The Bechinas appeal a final summary judgment in favor of the appellee, Enterprise Leasing Company. Enterprise owned and leased a motor vehicle to a nonparty, who in turn injured the Bechinas in a collision. The Bechinas included Enterprise as a vicariously liable defendant in their lawsuit for damages for their injuries, and Enterprise successfully raised the defense of the federal "Graves Amendment"[1] as a complete bar to the Bechinas' claim.
On appeal, the Bechinas raise two issues. First, they assert that the trial court misinterpreted a provision of the Graves Amendment that limits the preemptive reach of the statute and preserves certain vicarious liability provisions under preexisting Florida statutory and common law. Second, they assert that the Graves Amendment was unconstitutional. We disagree as to each of these arguments and affirm.
This Court recently interpreted and applied the Graves Amendment in a similar case, Kumarsingh, v. PV Holding Corp., 32 Fla. L. Weekly D2389 (Fla. 3d DCA Oct.3, 2007).[2] In Kumarsingh, we concurred with the thorough analysis of the issue in Garcia v. Vanguard Car Rental USA, Inc., 510 F.Supp.2d 821 (M.D.Fla.2007), and we upheld the preemptive language of the Graves Amendment as applied to subparagraph 324.021(9)(b)(2) of the Florida Statutes (2005).[3] Applying that analysis here, the Graves Amendment abrogated Enterprise's vicarious liability, and the final summary judgment must be affirmed.
The Bechinas urge us to follow other reported cases that have concluded that the Graves Amendment is "outside of the Congressional powers created by the Commerce Clause of the United States Constitution and, therefore, unconstitutional." Vanguard Car Rental USA, Inc. v. Huchon, 2007 WL 2875388 at *6 (S.D.Fla. Sept. 7, 2007).[4]See Graham v. Dunkley, 13 Misc.3d 790, 827 N.Y.S.2d 513 (N.Y.Sup.Ct.2006); Vanguard Car Rental USA, Inc. v. Drouin, 521 F.Supp.2d 1343 *927 (S.D.Fla. 2007). We decline to follow those rulings, holding instead that motor vehicle leasing transactions unquestionably affect the channels of interstate commerce, the instrumentalities of interstate commerce, and intrastate activities substantially related to interstate commerce. United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995); Garcia, 510 F.Supp.2d at 834-37. Though mindful of the interests of Florida citizens in an accident that in this case occurred in Florida, we may not strike a Congressional enactment for those local interests. Neither the trial court nor this Court has been provided "a plain showing that Congress has exceeded its constitutional bounds,"[5] and we must therefore apply the Graves Amendment as duly enacted.
Affirmed.
NOTES
[1] 49 U.S.C. § 30106, (enacted August 10, 2005).
[2] The case is presently pending here on motions for rehearing or clarification, rehearing en banc, and certification to the Florida Supreme Court.
[3] The trial court in Kumarsingh held that the $10,000 financial responsibility requirement imposed by subsection 324.021(7), Florida Statutes (2005), survived as a cap on the rental car company's vicarious liability, and that determination was not cross-appealed. In the Bechinas' case, however, the trial court granted summary judgment against the Bechinas as to any vicarious liability, whether under subsection 324.021(7), subparagraph 324.021(9)(b)(2), or otherwise.
[4] The irreconcilable conflict between Huchon and Garcia appears to be headed for the United States Court of Appeals for the Eleventh Circuit, and perhaps beyond.
[5] United States v. Morrison, 529 U.S. 598, 607, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).