983 So.2d 599 (2008)
Deopersad KUMARSINGH and Rosalie Kumarsingh, Appellants,
v.
PV HOLDING CORP. and Avis Rent A Car System, Inc., Appellees.
No. 3D06-2791.
District Court of Appeal of Florida, Third District.
January 30, 2008.
Arnold R. Ginsberg; Manuel R. Morales, Miami, for appellants.
Marlow, Connell, Valerius, Abrams, Adler, Newman & Lewis, and Philip Glatzer, Coral Gables, for appellees.
Roy D. Wasson, Miami, for The Florida Justice Association, as amicus curiae.
Gaebe Mullen Antonelli Esco & Dimatteo, Coral Gables, for Ryder Truck Rental, Inc., as amicus curiae.
Richard P. Schweitzer and Craig M. Cibak, Washington, D.C., as amicus curiae.
*600 Before GREEN, WELLS and SUAREZ, JJ.

OPINION ON MOTION FOR CLARIFICATION
SUAREZ, J.
We grant petitioner's motion for clarification and, accordingly, withdraw our opinion issued October 3, 2007, and substitute in its place this clarifying opinion.
On December 23, 2004, Juan Ortiz crashed his rental car into the Kumarsinghs' vehicle. Ortiz had rented the car from Avis with a valid Mexican driver's license. Ortiz was uninsured. Mr. Kumarsingh was permanently injured in the accident, and the combined total stipulated damages of Mr. and Mrs. Kumarsingh were in the sum of $100,000. The plaintiffs filed suit against PV Holding Corp. and Avis Rent A Car System, Inc., on November 7, 2005, alleging vicarious liability as owners/lessors of the car, and negligent entrustment.[1] The defendants answered that they were immune from vicarious liability pursuant to 49 U.S.C. § 30106 (2005),[2] also known as the Graves Amendment, which became effective August 10, 2005, prior to the plaintiffs filing suit. After hearing argument on the defendants' motion for summary judgment, the trial court granted the motion, concluding that the federal statute abrogated subparagraph 324.021(9)(b)(2), Florida Statutes (2005), Florida's statute governing vicarious liability of auto lessors, as of the federal statute's effective date and that but for the Graves Amendment, the trial court would have entered judgment in plaintiffs' favor up to the state's statutory vicarious liability caps. The trial court found that the defendants were liable only up to the limits of the statutory self-insurance financial responsibility minimums as set forth in subsection 324.021(7), or $10,000, and so ordered. The plaintiffs appeal, and we affirm.
The Graves Amendment provides that a lessor of a motor vehicle shall not be liable under the law of any state by reason of being the owner, for harm that arises out of the use of the vehicle during the lease period if the owner is engaged in the trade of renting vehicles and there is no owner negligence or criminal wrongdoing on the owner's part. The amendment provides exemptions, in that it does not supersede any state law that imposes minimum financial responsibility on the owner for the privilege of owning and operating a motor vehicle or that imposes liability on entities *601 engaged in renting motor vehicles for failure to meet state insurance standards. After thoroughly reading the record and statutory and case authorities, we hold that the trial court correctly concluded that the Graves Amendment, by its clear and unambiguous wording, supersedes and abolishes all state vicarious liability laws as they apply to lessors of motor vehicles for causes of action filed on or after August 10, 2005, the effective date of that federal statute. See Garcia v. Vanguard Car Rental, USA, Inc., 510 F.Supp.2d 821 (M.D.Fla.2007) (discussing the dichotomy between vicarious liability and financial responsibility, and the Graves Amendment's preemption of subparagraph 324.021(9)(b)(2), Florida's vicarious liability scheme).
Affirmed.
NOTES
[1] The negligent entrustment claim is not at issue here.
[2] 49 U.S.C. § 30106. Rented or leased motor vehicle safety and responsibility

(a) In general.An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if
(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
(b) Financial responsibility laws.Nothing in this section supersedes the law of any State or political subdivision thereof
(1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
(2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.