LAWSON, J.
 

 Christopher Karling timely appeals a final summary judgment entered in favor of Budget Rent A Car System, Inc., PV Holding Corporation, and Aesop Leasing Corporation, defendants below. The ruling was based upon the finding that the vicarious liability of short-term motor vehicle lessors under Florida’s dangerous instrumentality doctrine is now preempted by 49 U.S.C. § 30106, commonly referred to as the Graves Amendment. Karling alternatively argues that if the Graves Amendment is construed to preempt his suit, it is unconstitutional as exceeding Congress’ power under the Commerce Clause of the United States Constitution. We affirm.
 

 Christopher Karling was severely injured as a result of a collision between the motorcycle he was driving and a rental car driven by defendant Derek Johnson. Budget rented the car to Johnson. And, at the time of the accident, PV Holding Corporation and Aesop Leasing Corporation held identifiable ownership interests in the vehicle. Karling does not allege that Budget, PV Holding, or Aesop Leasing were negligent or engaged in any criminal wrongdoing which contributed to the accident. Rather, Karling seeks to hold these defendants liable solely on the theory of vicariously liability, as owners/lessors of the vehicle under Florida’s dangerous instrumentality doctrine.
 

 The issues raised in this appeal have been thoroughly addressed and decided in three reported federal court decisions, all holding that the Graves Amendment preempts Florida’s state law (which would otherwise impose strict vicarious liability on rental car owners up to the liability limits set forth in section 324.021(9)(b)2., Florida Statutes) and that this legislation is a valid exercise of Congress’ power under the Commerce Clause.
 
 See Garcia v. Vanguard Car Rental USA, Inc.,
 
 540 F.3d 1242 (11th Cir.2008);
 
 Dupuis v. Vanguard Car Rental USA, Inc.,
 
 510 F.Supp.2d 980 (M.D.Fla.2007);
 
 Garcia v. Vanguard Car Rental USA, Inc.,
 
 510 F.Supp.2d 821 (M.D.Fla.2007). We fully agree with these courts’ analyses and see no reason to restate the analyses here. All of Florida’s intermediate appellate courts that have ad
 
 *356
 
 dressed this issue have now reached the same conclusion.
 
 See Kumarsingh v. PV Holding Corp.,
 
 983 So.2d 599 (Fla. 3d DCA 2008),
 
 rev. denied,
 
 984 So.2d 519 (Fla.2008);
 
 Bechina v. Enterprise Leasing Co.,
 
 972 So.2d 925 (Fla. 3d DCA 2007);
 
 St. Onge v. White,
 
 988 So.2d 59 (Fla. 1st DCA 2008);
 
 Lucas v. Williams,
 
 984 So.2d 580 (Fla. 1st DCA 2008);
 
 Vargas v. Enterprise Leasing Co.,
 
 993 So.2d 614 (Fla. 4th DCA 2008) (en banc).
 

 Accordingly, we affirm the final summary judgment.
 

 AFFIRMED.
 

 ORFINGER and MONACO, JJ., concur.