997 So.2d 1196 (2008)
Cynthia WEST, Appellant,
v.
ENTERPRISE LEASING COMPANY, a Florida corporation, Appellee.
No. 2D07-5548.
District Court of Appeal of Florida, Second District.
December 19, 2008.
*1197 Matthew Kochevar, Tampa, for Appellant.
David C. Borucke of Holland & Knight LLP, Tampa, and Michael A. Tonelli of Barr, Murman & Tonelli, Tampa, for Appellee.
PER CURIAM.
This case concerns the application of the Graves Amendment, 49 U.S.C. § 30106, a federal statutory provision designed to preempt state laws imposing vicarious liability on rental car companies. Based on the Graves Amendment, the trial court entered summary judgment in favor of the appellee, Enterprise Leasing Company, with respect to a tort claim brought by the appellant, Cynthia West, arising from the alleged negligence of the lessee of a motor vehicle owned by Enterprise. At issue here are (a) whether liability imposed pursuant to section 324.021(9)(b)(2), Florida Statutes (2006), with respect to vehicles rented or leased for less than one year is subject to preemption by the Graves Amendment and (b) whether adoption of the Graves Amendment was a proper exercise of congressional power under the Commerce Clause.
Recently, in Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242 (11th Cir.2008), the Eleventh Circuit considered the same issues and concluded that the Graves Amendment preempts liability under section 324.021(9)(b)(2) and that the adoption of the Graves Amendment was a proper exercise of power under the Commerce Clause. We agree with these conclusions, and we adopt the thoughtful analysis employed by the Eleventh Circuit in Garcia. See also Karling v. Budget Rent A Car System, Inc., 33 Fla. L. Weekly D2777, ___ So.2d ___, 2008 WL 5100530 (Fla. 5th DCA Dec. 5, 2008); Vargas v. Enter. Leasing Co., 993 So.2d 614 (Fla. 4th DCA 2008); Lucas v. Williams, 984 So.2d 580 (Fla. 1st DCA 2008); Kumarsingh v. PV Holding Corp., 983 So.2d 599 (Fla. 3d DCA), review denied, 984 So.2d 519 (Fla. 2008) (table); Bechina v. Enterprise Leasing Co., 972 So.2d 925 (Fla. 3d DCA 2007).
In brief, with respect to the preemptive scope of the statute, we agree with Garcia that "[t]he Graves Amendment takes aim at precisely" lawsuits of the type contemplated by section 324.021(9)(b)(2)that is, "those imposing [vicarious] liability against a rental car company for the negligent acts of its lessee." Garcia, 540 F.3d at 1246. We also agree that as a vicarious liability provision, section 324.021(9)(b)(2) is not a law "imposing financial responsibility or insurance standards" within the meaning of the savings clause of the Graves Amendment. 49 U.S.C. § 30106(b)(1). As explained in Garcia, "Congress used the term `financial responsibility law' to denote state laws *1198 which impose insurance-like requirements on owners or operators of motor vehicles, but permit them to carry, in lieu of liability insurance per se, its financial equivalent, such as a bond or self-insurance." 540 F.3d at 1246.
With respect to the constitutionality of the Graves Amendment, we agree with Garcia that "the commerce power includes ... the ability to facilitate interstate commerce by removing intrastate burdens and obstructions to it," that "the Graves Amendment protects the rental car market by deregulating it, eliminating state-imposed laws and lawsuits Congress reasonably believed to be a burden on economic activity with substantial effects on commerce," and that the Graves Amendment is therefore constitutional. Id. at 1252-53.
Accordingly, we reject West's challenge to the applicability and constitutionality of the Graves Amendment and affirm the trial court's entry of summary judgment in favor of Enterprise Leasing Company. As did the Fourth District in Vargas, we certify the following question as one of great public importance:
DOES THE GRAVES AMENDMENT, 49 U.S.C. § 30106, PREEMPT SECTION 324.021(9)(B)(2), FLORIDA STATUTES (2007)?
Affirmed; question certified.
STRINGER and SILBERMAN, JJ., and CANADY, CHARLES T., Associate Judge, Concur.